PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMY J. SOPKO, | ) CASE NO.   4:10-CV-0377 |
| Plaintiff, | ) |
| | ) JUDGE JAMES GWIN |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) BENITA Y. PEARSON |
| | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

On February 19, 2010, Plaintiff Amy Sopko, *pro se*, filed a complaint seeking judicial review of an unfavorable decision by the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). ECF No. 1. On February 19, 2010, this matter was automatically referred to the undersigned Magistrate Judge, pursuant to Local Rule 72.2. Pursuant to the undersigned's Initial Order, Plaintiff had thirty days from the filing of the Commissioner's answer to file a brief on the merits.[1] Plaintiff did not file a brief on the merits. Notably, the record reflects that Plaintiff has not served Defendant, nor has Plaintiff issued a summons for service despite the Courts numerous efforts informing Plaintiff to do so.[2]

District courts have inherent power to *sue sponte* dismiss civil actions for want of

---

[1] The Initial Order, dated October 14, 2009, states: "[i]n the event plaintiff's brief on the merits is not filed within thirty (30) days after the filing of the answer, the case may be subject to dismissal for want of prosecution without further notice."  ECF No. 6 at 2.

[2] A private staff note on the docket indicates the Court's staff communication with Plaintiff on March 4, 2010: "I called Plaintiff at the telephone number provided to inform her that she needs to provide the Court with Summons.  I left a voice message identifying myself and indicating that she should call me regarding case 4:10cv377."

(4:10-CV-0377)

prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the court's inherent power. *See* Fed. R. Civ. P. 41(b). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980) (quoting *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978)). "The key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement . . . or failure to comply with the pre-trial order." *Carter*, 636 F.2d at 161.

In this case, Plaintiff has failed to serve Defendant, provide summons for service, and file a brief on the merits. It is respectfully recommended that the entire matter be dismissed without prejudice for lack of prosecution.

IT IS SO ORDERED.

 November, 18 2010                                    /s/ Benita Y. Pearson
Date                                                             United States Magistrate Judge

**OBJECTIONS**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).